**Anna DEKHTIAR, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE; et al., Respondents.**

**No. 03–71257.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 2004.

Decided Aug. 17, 2004.

Lisa H. Donnelley, Stock & Donnelley, LLC, Anchorage, AK, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Immigration & Naturalization Service, Office of the District Counsel, Anchorage, AK, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Richard M. Evans, Esq., Patricia A. Smith, U.S. Department of Justice, Washington, DC, for Respondents.

Before: HALL, KLEINFELD, and WARDLAW, Circuit Judges.

MEMORANDUM *

█ Dekhtiar never presented her right-to-counsel claim to the BIA. She thus failed to exhaust her administrative remedies, leaving us without jurisdiction to decide the issue and requiring us to dismiss this portion of her petition.[1] Dekhtiar was not excused from having to exhaust her administrative remedies by the fact that the claim is, in part, a constitutional claim. Her claim was the type of constitutional claim that we have held is within the BIA's jurisdiction to resolve, and thus she was required to present it to the BIA.[2] Nor was the exhaustion requirement excused by the fact that she may have been unable to present her claim to the BIA at the time she filed her appeal. In such circumstances, an alien is required to exhaust her remedies by filing a motion to reopen with the BIA once the basis for her claims becomes evident.[3] Dekhtiar never filed a motion to reopen raising her right-to-counsel argument.

█ There is no merit to Dekhtiar's claim that she was denied due process either by an incompetent translation during her proceedings before the Immigration Judge, or by an inadequate transcript. Even if we agreed with Dekhtiar's assertion that the translation and transcript were deficient, Dekhtiar has failed to show prejudice, as she has not identified any specific, relevant information that was never presented or any misunderstandings that persisted and might have caused the IJ to make a decision based on incorrect or incomplete information.[4]

The BIA determined that Dekhtiar is ineligible for asylum and withholding of removal because she suffered no persecution, and has no well-founded fear of future persecution, based on a protected ground.[5] Although Dekhtiar offered evidence regarding her and her husband's refusal to comply with government officials' demands, this evidence does not compel the conclusion that any mistreatment was politically motivated. Therefore, substantial evidence supports the BIA's determination.[6]

Finally, the BIA did not err in ordering Dekhtiar removed despite her husband's separate, pending asylum application. While Dekhtiar's husband might have been able to include her on his application as a derivative beneficiary, he chose not to do so by checking "no" on the application question that asked whether he wished to include her.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

█

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1.  8 U.S.C. § 1105a(c) (repealed 1996); Socop-Gonzalez v. INS, 272 F.3d 1176, 1183 (9th Cir.2001) (en banc).

2.  See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994); see also Cortez–Acosta v. INS, 234 F.3d 476, 480 (9th Cir.2000).

3.  See Rashtabadi, 23 F.3d at 1567.

4.  See Hartooni v. INS, 21 F.3d 336, 340 (9th Cir.1994).

5.  See 8 U.S.C. § 1158(b)(1); id. § 1101(a)(42)(A).

6.  See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).